**TAYLOR MADE GOLF COMPANY, INC., Plaintiff,**

v.

**TREND PRECISION GOLF, INC., Defendant.**

**No. 95–0083–CIV–ORL–18.**

United States District Court, M.D. Florida, Orlando Division.

March 2, 1995.

Thomas H. Justice, III, Robert L. Young, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Orlando, FL, Robert E. Browne, Thomas C. McDonough, James V. Garvey, Vedder, Price, Kaufman & Kammholz, Chicago, IL, for Taylor Made Golf Company, Inc.,

Roseanna J. Lee, Honigman, Miller, Schwartz & Cohn, Orlando, FL, Allan Gabriel, John Odendahl, Gabriel, Herman & Peretz, Los Angeles, CA, for Trend Precision Golf, Inc.

## ORDER

G. KENDALL SHARP, District Judge.

█ This matter is before the court on Taylor Made Golf Company, Inc.'s (Taylor Made) Motion for Preliminary Injunction. On a motion for preliminary injunction, the court considers (1) the likelihood that plaintiff will ultimately prevail on the merits of the claim; (2) the irreparable nature of the threatened injury; (3) the potential harm that might be caused to the opposing party or others if the order is issued; (4) and the public interest, if any. *See* Local Rule 4.05(b)(4), M.D.Fla.; *see also E. Remy Martin & Co., S.A. v. Shaw–Ross Int'l Imports, Inc.,* 756 F.2d 1525, 1530 n. 13 (11th Cir. 1985).

█ This case involves trade dress infringement. Taylor Made asserts that Trend Precision Golf, Inc. (Trend Precision) is infringing on their Burner Bubble trade dress. The Burner Bubble golf club at issue is copper and black with silver plating on the bottom of the head. Taylor Made is seeking to protect the placement of the copper and black colors on the Burner Bubble golf club.

In determining the likelihood that Taylor Made will ultimately prevail on the merits, both Taylor Made and Trend Precision agree that Taylor Made must show that its trade dress is inherently distinctive or that it has acquired a secondary meaning. *See AmBrit, Inc. v. Kraft, Inc.,* 812 F.2d 1531, 1535–1537 (11th Cir.1986) (analyzing trade dress infringement), *cert. denied,* 481 U.S. 1041, 107 S.Ct. 1983, 95 L.Ed.2d 822 (1987). At this stage of the proceedings, the court cannot find that the placement of the copper and black colors on the Burner Bubble golf club is inherently distinctive. From the evidence presented to the court, it appears that the color combination is a common design. *See id.* at 1536. (noting that a factor used in determining whether a trade dress is inherently distinctive is whether it is "a 'common' basic shape or design"). Further, the court notes that in Taylor Made's advertising, Taylor Made has emphasized the shaft portion of the club containing a bubble with the words "BUBBLE SHAFT" next to the copper color. This emphasis of the "BUBBLE SHAFT" diminishes the distinctiveness of the copper and black color combination. Trend Precision's golf club does not have a bubble on this portion of the club. Moreover, Taylor Made presents evidence that it only recently introduced its Burner Bubble golf club at a PGA show in January 1995.

Taylor Made also fails to show that the copper and black color combination has acquired a secondary meaning. *See id.* at 1536 n. 14 (defining secondary meaning as "the connection in the consumer's mind between the mark and the product's producer, whether that product is known or unknown."). Because the Burner Bubble golf club was only recently introduced, it would be unlikely that the copper and black combination acquired a secondary meaning in such a short time. Nevertheless, Taylor Made fails to present evidence that the color combination did in fact acquire such a secondary meaning. Finally, the court finds that Taylor Made fails to show irreparable harm.

Because the court finds that at this stage of the proceedings Taylor Made fails to show that the copper and black color combination is inherently distinctive, that the color combination acquired a secondary meaning, or that Taylor Made will suffer irreparable harm, the court need not address the other issues raised by the parties. Thus, the court **DENIES** Taylor Made's Motion for Preliminary Injunction. (Doc. 5.)

It is **SO ORDERED**.